Eric Bryan Seuthe, Esq. (SBN 90269)
ebseuthe@sbcglobal.net
Terrence Swinson, Esq. (SBN 275744)
tis@seuthelaw.com
**LAW OFFICES OF ERIC BRYAN SEUTHE & ASSOCIATES**
445 South Beverly Drive, 2nd Floor
Beverly Hills, California 90212
Telephone: (310) 277-8020
Facsimile: (310) 551-1644

Attorneys for Plaintiffs EDWIN NOVEL, JEWELRY BY NOVEL, and NOVEL FINE JEWELRY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDWIN NOVEL, JEWELRY BY NOVEL, and NOVEL FINE JEWELRY,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity, DEPUTY MARTIN VILLA,individually and as a Sheriff of the County of Los Angeles, SERGEANT MICHAEL GALVAN, individually and as a Sheriff of the County of Los Angeles, CARTIER INCORPORATED, a business entity form unknown, RICHEMONT NORTH AMERICA, INC. a business entity form unknown, and DOES 1 through 50, inclusive.**<br><br>**Defendants.** | **CASE NO:**<br><br>**COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, EDWIN NOVEL, JEWELRY BY NOVEL, and NOVEL FINE JEWELRY (collectively "Plaintiffs") and for their cause of action against the Defendants and each of them, allege as follows:

## I. INTRODUCTION

1. This is a civil rights complaint for declaratory and injunctive relief and damages arising from LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "LASD") officers' violations of the fundamental rights of Plaintiffs, including their rights to be free from unreasonable searches and seizures, racial discrimination, and deprivations of due process, among others guaranteed by the United States Constitution, California Constitution, and California law. The Defendant, LASD worked in connection with RICHEMONT NORTH AMERICA, INC. a business entity form unknown, and CARTIER INCORPORATED, a business entity form unknown, to illegally raid the Plaintiffs business and violated Plaintiffs rights when they used falsified information to obtain a search warrant and searched Plaintiff and Plaintiff's business, not because the officers had reasonable suspicion that Plaintiff had engaged in any specific criminal activity, but because his family members were suspected of being engaged in alleged criminal activity.

2. The Defendants' violations did not stop there. When the unlawful warrant yielded no evidence of a crime by the Plaintiffs, rather than releasing the personal property that was obtained during the search, the LASD held onto the property for a prolonged period of time essentially freezing the Plaintiffs' business. Months after the initial search of March 22, 2018, Defendants finally released the Plaintiff's and his businesses hard drive and one of the flash drives back to Plaintiffs in September of 2018.

3. Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, have advised that DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN were and are, it's employees. Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, is a government entity.

4. Accordingly, Plaintiff have presented a Government Tort Claim on the Defendants. Pursuant to law this properly filed claim has been deemed denied.

5. Additionally the day after the Government Tort Claim was served on the Los Angeles County Sheriff's Department, deputies from the LASD threatened Plaintiffs that they would now pursue charges against Plaintiffs, but as of this date they have not filled charges, arrested, or prosecuted said charges.

6. At no point prior to obtaining a warrant did the Defendants attempt to confirm the information from the third party, RICHEMONT NORTH AMERICA, INC., ("RICHEMONT") and CARTIER INCORPORATED ("CARTIER") that they had obtained. As a result, Plaintiff's right to be free from unreasonable searches and seizures were violated along with his privacy, due process and familial association rights.

7. Plaintiffs are entitled to damages, as well as judicial and equitable relief, to cure the violations of all of the abovementioned fundamental rights.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate related claims arising under the Constitution and laws of California because those claims are related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. The Court may award damages and grant declaratory and injunctive

relief for constitutional violations pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, and/or Federal Rules of Civil Procedure 57 and 65.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events that give rise to this action occurred within this district and the defendants reside in this district and state.

11. The Court has personal jurisdiction over the defendants, all of whom, on information and belief, are residents of the State of California or do business in the State of California.

## III. PARTIES

12. Plaintiffs are and were at all times mentioned herein citizens of California and residents of Los Angeles County and/or businesses licenced to do business in the State of California.

13. The LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD") was and is at all times mentioned a public entity under California law, located in Los Angeles County, California.

14. At all times herein mentioned defendants DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN, and DOE Nos. 1-25 (collectively, "Defendant Officers") are sheriffs officers employed by the County of Los Angeles. The identity of the Defendants DOE Nos. 1 through 25 are currently unknown to Plaintiffs, who reserve the right to amend this complaint to further identify them when such information becomes available through discovery or otherwise.

15. At all times relevant to this action, Defendant Officers were agents and employees of the LASD acting under color of state law and within the course and scope of their agency and employment. At all times relevant to this action, Defendant Officers were knowingly aiding and abetting or acting in concert with each other with respect to each act or omission alleged in this complaint.

16. All Defendant officers are sued in their official capacities for declaratory and injunctive relief as to all claims. All Defendants are also sued for damages arising from violations of 42 U.S.C. § 1983 and for violations of state law and the California Constitution.

17. Defendant Officers are also sued in their individual capacities for their violations of Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

18. Defendants RICHEMONT NORTH AMERICA, INC., ("RICHEMONT") and CARTIER INCORPORATED ("CARTIER") are business entities, form unknown who do business in the State of California .

## IV. FACTUAL ALLEGATIONS

*Unlawful Obtaining a Warrant*

19. The allegations set forth in paragraphs 1 through 18 are re-alleged and incorporated by reference herein.

20. RICHEMONT and CARTIER informed the LASD about a potential lead for a counterfeit jewelry ring.

21. RICHEMONT and CARTIER wrongfully instructed the LASD untruthful and unsubstantiated information falsely associating Plaintiffs with other jewelry store manufacturers and distributors.

22. LASD know or should have know this information was false but nevertheless used this false information to obtain an improper search warrant, without performing any reasonable investigative actions to confirm or substantiate the information.

23. After the invalid execution of the warrant, and wrongful seizure of Plaintiffs' property, LASD attempted to obtain additional information about Plaintiffs from their landlord so that they could attempt to justify the basis for their improper search, even though the warrant was issued prior to their request.

24. Defendants actions toward Plaintiffs' landlord caused an interference of the relationship of Plaintiffs and their landlord.

*Unlawful Seizure of Property*

25. Since the warrant was invalid as a result of the action of Defendant Officers, Defendants were required to return the property to Plaintiffs immediately.

26. Plaintiff informed Defendants with regard to the invalidity of their warrant, and requested the return of their items.

27. Under California Penal Code § 1538.5, Plaintiff was to have the property returned to him in full.

28. Plaintiffs continued to demand that the property be returned to him, and was told that they would only return part of the property.

29. At this time Defendants still retains personal property including a flash drive, and a "Cyber Power" computer, and have made no mention of returning the computer to the Plaintiffs.

*Retaliation For Government Claim*

30. Plaintiff exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to searches of their property by the sheriff and their objectionable conduct by filing the required Government Tort Claim.

31. Retaliatory animus for Plaintiffs' exercise of their constitutionally protected right to question LASD regarding the scope of their legal authority was a substantially motivating factor in the improper filing, or threatening to file a criminal action against Plaintiff.

32. Defendant's threats were specifically in retaliation for his protected conduct, and intended to prevent Plaintiff to continue his Government Tort Claim and engage in the protected conduct.

33. All of these Defendant officers participated in this action as a means of retaliation for Plaintiffs protected speech and none of the Defendant officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable actions of the officers.

34. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

35. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

36. These individual Defendants acted in concert and joint action with each other.

37. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

38. Defendants are not entitled to qualified immunity for the complained of conduct.

39. The Defendant officers to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

40. As a proximate result of the Defendant officers unlawful conduct, Plaintiff has suffered emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

41. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the stigma associated with Defendant's actions within his industry, to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

42. In addition to compensatory, economic, and consequential, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure**

**(Against Defendants LASD; DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN and DOES 1 through 25)**

43. The allegations contained in paragraphs 1 through 42, inclusive, are hereby incorporated by reference.

44. By unlawfully seizing, and holding Plaintiffs' property as a result of an improper search, Defendants violated Plaintiffs' Fourth Amendment right to be secure in his person and property against unreasonable searches and seizures.

45. By failing to intercede to prevent the unlawful searches and seizures, Defendant Officers violated Plaintiffs Fourth Amendment right to be secure in his person and property against unreasonable searches and seizures.

46. By unreasonably detaining and holding Plaintiff without probable cause or reasonable suspicion. Deputies undertook such detention for the purpose of harassment and oppression of the Plaintiff because of his race, ethnicity, national origin, color, age or class.

47. Deputies executed the search in an unreasonable manner, including the wanton and necessary destruction of property.

48. As a proximate and foreseeable result of Defendant Officers' violations of Plaintiffs' Fourth Amendment rights, Plaintiffs have suffered, are suffering, and will continue to suffer injuries, including but not limited to continued invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

**SECOND CAUSE OF ACTION**

**Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure**

**(Against Defendants LASD; DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN and DOES 1 through 25)**

49. The allegations contained in paragraphs 1 through 48, inclusive, are hereby incorporated by reference.

50. In violating Plaintiffs' Fourth Amendment rights, Defendant Deputies acted pursuant to expressly adopted written policy and/or longstanding practice of the LASD for investigative purposes.

51. The LASD failed to account for improper evidence, as it is obtained, under invalid procedures and failed to adequately train its Deputies to properly respond to this situation.

52. The LASD's Policy, both independently and coupled with a failure to provide adequate training on those issues, caused Defendant Deputies to deprive Plaintiffs of their Fourth Amendment rights.

**THIRD CAUSE OF ACTION**

**Violation of 42 U.S.C. § 1983 – Violation of Equal Protection**

**(Against Defendants LASD; DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN and DOES 1 through 25)**

53. The allegations contained in paragraphs 1 through 52, inclusive, are hereby incorporated by reference.

54. By relying on race as a motivating factor in deciding to include Plaintiffs as well in the scope of the search and seizure, Defendants engaged in racially discriminatory policing, and thereby violated Plaintiffs' Fourteenth Amendment right to equal protection under the law.

55. As a proximate and foreseeable result of Defendants' violations of Plaintiffs' Fourteenth Amendment rights, Plaintiffs have suffered, are suffering, and will continue to suffer injuries, including but not limited to continued invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

**FOUR CAUSE OF ACTION**

**Violation of Cal. Const. Art. I, § 13 – Unreasonable Search and Seizure**

**(Against Defendants LASD; DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN and DOES 1 through 25)**

56. The allegations contained in paragraphs 1 through 55, inclusive, are hereby incorporated by reference.

57. As a California citizen, Plaintiff has a right to be secure in their person and

property against unreasonable searches and seizures, recognized under the California Constitution, Art. I, § 13.

58. By unlawfully seizing Plaintiffs' property and/or by failing to intercede to prevent such unlawful seizure, Defendant Officers violated their rights under Art. I, § 13 to be secure in their person and property against unreasonable searches and seizures.

**FIFTH CAUSE OF ACTION**

**Violation of Cal. Const. Art. I, § 1 – Right of Privacy**

**(Against Defendants LASD; DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN and DOES 1 through 25)**

59. The allegations contained in paragraphs 1 through 58, inclusive, are hereby incorporated by reference.

60. As a California citizen, Plaintiffs' have a legally protected privacy interest, which is recognized as an inalienable right under the California Constitution, Article I, § 1.

61. By unlawfully collecting Plaintiffs' electronic documents with an invalid warrant, no valid consent, and without exigent circumstances, Defendants committed a serious invasion of their privacy interests.

62. By analyzing Plaintiffs' electronic documents with an invalid warrant, no valid consent, and without exigent circumstances, Defendants committed a serious invasion of their privacy interests.

63. As a proximate and foreseeable result of Defendants' violations of Plaintiffs'

privacy rights under Art. I, § 1, Plaintiffs' electronic documents have been, and continues to be, in the possession of government agencies including the LAPD.

**SIXTH CAUSE OF ACTION**

**Slander Per Se**

**((Against Defendants LASD; DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN; Defendants RICHEMONT and CARTIER and DOES 1 through 50)**

64. The allegations set forth in paragraphs 1 through 63 are re-alleged and incorporated by reference herein.

65. Sometime on approximately March 22, 2018 DEPUTY MARTIN VILLA; SERGEANT MICHAEL GALVAN; RICHEMONT, CARTIER and DOES 1-50 conducted a search of Plaintiffs business during which they told employees, other shop owners and potential customers that Plaintiffs EDWIN NOVEL, JEWELRY BY NOVEL, and NOVEL FINE JEWELRY were "making and selling counterfeit jewelry".

66. DEPUTY MARTIN VILLA and SERGEANT MICHAEL GALVAN said they were told by DOE defendants 26-50, who work for defendants RICHEMONT and/or CARTIER sometime shortly prior to March 22, 2018 that Plaintiffs EDWIN NOVEL, JEWELRY BY NOVEL, and NOVEL FINE JEWELRY were : "making counterfeit jewelry"; "selling counterfeit jewelry" and "conducting illegal business" ("the words").

67. These words were repeated by DEPUTY MARTIN VILLA, SERGEANT MICHAEL GALVAN, RICHEMONT, CARTIER and DOES 1 through 50 during the search on March 22, 2018.

68. Defendants words were heard by customers, employees and other shop owners, whose names are currently unknown to Plaintiffs.

69. Plaintiff is informed and believes and thereon alleges that the words spoken by defendants were understood to refer to the Plaintiffs EDWIN NOVEL, JEWELRY BY NOVEL, and NOVEL FINE JEWELRY.

70. The word spoken by defendants about plaintiffs were untrue and slanderous per se because the words injure Plaintiffs in respect to Plaintiff's profession and business as a jewelry maker and were intended to be defamatory.

71. As a proximate result of the utterance of the word, which are slanderous per se, Plaintiff has suffered loss of reputation, shame, mortification and injury to his feelings in the amount within the jurisdiction of this court.

72. Defendants conduct in defaming Plaintiff was done with malice and oppression and in the conscious disregard of Plaintiff's rights to be free from defamation. Exemplary and/or punitive damages pursuant to Civil Code Section 3294 should be imposed on Defendants.

**SEVENTH CAUSE OF ACTION**

**Abuse of Process**

**(Against Defendants RICHEMONT and CARTIER and DOES 26 through 50)**

73. The allegations contained in paragraphs 1 through 72, inclusive, are hereby incorporated by reference.

///

74. Plaintiff believes and thereupon alleges that RICHEMONT and CARTIER wrongfully instructed the LASD untruthful and unsubstantiated information falsely associating Plaintiffs with other jewelry store manufacturers and distributors to obation a search warrant and participate in the unlawful search.

75. RICHEMONT and CARTIER intentionally used this unlawful raid and improper search warrant to harm and effect Plaintiffs business.

76. As a proximate and foreseeable result of Defendants' conduct the Plaintiffs' were harmed

**EIGHTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against Defendants RICHEMONT and CARTIER and DOES 26 through 50)**

77. The allegations contained in paragraphs 1 through 76, inclusive, are hereby incorporated by reference.

78. Plaintiff believes and thereupon alleges that defendants RICHEMONT and CARTIER were negligent when they wrongfully instructing the LASD with untruthful and unsubstantiated information to obtain an unlawful search.

79. As a result of defendants conduct plaintiff suffered serious emotional distress.

80. Defendants RICHEMONT and CARTIER's negligence was a substantial factor in causing plaintiff's emotion distress.

## VI. PRAYER FOR RELIEF

Plaintiffs respectfully pray for relief as follows:

1. For a declaratory judgment that the acts and omissions of Defendants, and each of them, violated Plaintiffs' rights under the Fourth and Fourteenth Amendment to the United States Constitution, Art. I, §§ 1, 13 of the California Constitution, Cal. Civil Code §§ 51.7, 52, 52.1, and/or California common law;

2. For a permanent injunction compelling Defendants to return any of Plaintiffs' property that they may retain, to expunge all copies of Plaintiffs' electronic documents from all records in which they are kept, to notify Plaintiff of any other agencies or databases with which his electronic documents or files have been shared, and to take action to ensure that all copies of Plaintiffs' electronic documents contained within any such other agencies or databases be destroyed or expunged;

3. For compensatory, punitive, and statutory damages under 42 U.S.C. § 1983 and applicable California law against Defendants, and each of them, in an amount to be proven at trial;

4. For costs of suit and attorneys' fees as required or authorized by applicable law, including but not necessarily limited to Fed. R. Civ. P. 54, 42, U.S.C. § 1988, Cal. Civ. Code § 52.1, and/or Cal. Code Civ. Proc. § 1021.5;

5. For all other relief the court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury for all issues so triable.

Dated: March 15, 2019

LAW OFFICES OF ERIC BRYAN SEUTHE & ASSOCIATES

By: ______________________
Eric Bryan Seuthe
Attorneys for Plaintiffs